UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NAPOLEON J. PICKETT,

                Plaintiff,

v.                                          Case No. 24-cv-1580-pp

CO HOLLY, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 10) AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 11)**

      Plaintiff Napoleon J. Pickett, who is incarcerated at Redgranite Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint under 28 U.S.C. §1915A and dismissed it for failure to state a claim. Dkt. No. 8. The plaintiff has filed a motion for reconsideration, dkt. no. 10, and a motion to appoint counsel, dkt. no. 11. This order addresses both motions.

      The plaintiff moves for "reconsideration" of the court's screening order under Federal Rule of Civil Procedure 59(e). Dkt. No. 10. He says that he had a preexisting medical condition with his liver, bladder and prostate. Id. The plaintiff states that during the events described in the complaint, he had an overactive bladder, he was seeing a doctor for the condition and they were "troubleshooting" what was best for him going forward. Id. He says that he was given ibuprofen to see if it would help with the pain in his prostate and

1

bladder. Id. The plaintiff also says that he is a United States Navy veteran and that he suffers from PTSD. Id. He says that urinating on himself is associated with this mental illness and a diagnosis of bladder issues. Id.

I. **Standard of Review**

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly-discovered evidence. This means that under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's ruling constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

II. **Discussion**

At screening, the court determined that the plaintiff did not state a claim based on his complaint allegations:

> The plaintiff alleges that he ran out of his cell in the middle of the night and had to urinate, saying it was an "emergency." The bathroom door was locked, and [defendants] Holly and Wilcox said the plaintiff would have to wait ten minutes for the door to be

unlocked. The plaintiff couldn't wait, and he started to urinate on himself. This prompted Wilcox to unlock the door, and the plaintiff entered the bathroom and finished urinating. The plaintiff then had to clean up his urine and pay for his clothes to be laundered. After the incident, the defendants looked at the plaintiff meanly and laughed.

This single—although unpleasant and embarrassing—incident does not constitute a sufficiently serious constitutional deprivation under the Eighth Amendment. See Cunningham [v. Eyman], 17 F. App'x [449,] 454 [7th Cir. 2001) (incarcerated individual who spent four to five hours in soiled clothing after being denied use of the bathroom did not suffer a constitutional violation); Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of incarcerated individual's hygienic needs is insufficient to establish an Eighth Amendment violation); Borges v. Boelter, Case No. 21-C-744, 2021 WL 2592849, at *2 (E.D. Wis. June 23, 2021) (incarcerated individual who defecated in his pants and spent an hour in soiled clothing failed to state a claim under the Eighth Amendment).

In addition, the plaintiff's allegation that after the incident the defendants looked at him meanly and laughed does not state a claim for violation of his constitutional rights. See LaCroix v. Neal, Case No. 23-CV-363, 2023 WL 4930125, at *2 (N.D. Ind. July 31, 2023) (officer smirking and speaking rudely to incarcerated individual is not a severe deprivation that amounts to cruel and unusual punishment) (citing Dobbey v Ill. Dep't of Corr., 574 F.3d 443, 445 (7th Cir. 2009) and Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners.")).

The court will dismiss this case because the plaintiff fails to state a constitutional claim for which a federal court may grant relief. Although courts generally permit a civil plaintiff at least one opportunity to amend his pleadings, the court need not do so where the amendment would be futile. Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015). The plaintiff's complaint is thorough in its allegations of facts surrounding this claim, and further amendment would be futile.

Dkt. No. 8 at 6-7.

In his motion for reconsideration, plaintiff states that he filed the motion "to bring to the attention to the court, the seriousness of the violation that may

3

Case 2:24-cv-01580-PP    Filed 12/17/25    Page 3 of 4    Document 13

rest on the merit[s] of the claim[.]" Dkt. No. 10 at 1. But the plaintiff's assertion in his motion that he was being treated for overactive bladder does not change the court's analysis that the complaint fails to state a claim. The plaintiff alleges that on one occasion, he had to use the bathroom for an "emergency", but the bathroom door was locked. Defendant Holly said the door would be unlocked in ten minutes, but the plaintiff could not wait and when he started urinating, Wilcox unlocked the door immediately so the plaintiff could enter the bathroom and finish. As explained in the screening order, these allegations do not state a claim. The plaintiff has not shown that he is entitled to relief under Rule 59(e). The court will deny his motion for reconsideration.

Because the court has denied the plaintiff's motion for reconsideration, it will deny as moot his motion to appoint counsel. Dkt. No. 11.

## III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 10.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 17th day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**